POLICYHOLDER'S NATIONAL LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83875.   Promulgated January 14, 1938.

*Holton Davenport* for the petitioner.
*Gerald W. Brooks, Esq.*, for the respondent.

OPINION.

SMITH: In section 203 of the Revenue Act of 1932 it is provided that in the case of a life insurance company the term "net income" means the gross income less certain items, among which is:

(8) INTEREST.—All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.

The crucial question in this case is whether the $2,564.16 paid by the petitioner in 1933, representing 6 percent on the founder's certificates, was paid as interest on the petitioner's indebtedness. The petitioner points to the fact that the policy contract provided in each case that "the amount of said fund represented by this Certificate

and all other Certificates of like nature will be carried by the Company as separate and distinct liability" and that the founder's certificate provides that:

\* \* \* The Board of Directors, however, are authorized to pay interest on said Founder's Fund in an amount not to exceed 6% providing in their judgment the financial condition of the Company shall warrant such payment.

It is argued therefrom that the distribution made by the petitioner in 1933 to holders of its founder's certificates was interest paid upon its indebtedness. If it was paid on its indebtedness it is deductible from gross income; if not, it is not deductible. In *Proctor Shop, Inc.*, 30 B. T. A. 721; affd. (C. C. A., 9th Cir.), 82 Fed. (2d) 792, this Board stated at page 725:

This question has been presented a number of times to the Board and the courts under slightly varying facts. In some cases the so-called stock was to be retired at a fixed date, *Arthur R. Jones Syndicate*, 5 B. T. A. 853; reversed, 23 Fed. (2d) 833, and in others at the option of the corporation or the stockholder, *Finance & Investment Corporation*, 19 B. T. A. 643; affd., 57 Fed. (2d) 444. In some cases the interest or dividends were payable regardless of earnings, *Wiggin Terminals, Inc.* v. *United States*, 36 Fed. (2d) 893, and in others payments were to be made only out of surplus or profits, *Kentucky River Coal Corp.* v. *Lucas*, 51 Fed. (2d) 586, sustaining 3 B. T. A. 644; *Badger Lumber Co.*, 23 B. T. A. 362; *Elko Lamoille Power Co.*, 21 B. T. A. 291; affd., 50 Fed. (2d) 595. None of the decided cases lay down any comprehensive rule by which the question presented may be decided in all cases, and "the decision in each case turns upon the facts of that case." *Nowland Realty Co.* v. *Commissioner*, 47 Fed. (2d) 1018; affirming 18 B. T. A. 405; *Arthur R. Jones Syndicate, supra; Garden Homes Co.* v. *Commissioner*, 64 Fed. (2d) 593, 598. In each case it must be determined whether the real transaction was that of an investment in the corporation or a loan to it. On this the designation of the instrument issued by the corporation, while not to be ignored, is not conclusive, *I. Unterberg & Co.*, 2 B. T. A. 274. The real intention of the parties is to be sought and in order to establish it evidence *aliunde* the contract is admissible. *Arthur R. Jones Syndicate, supra.* If the evidence establishes "that dividends paid are, according to the intent of the parties, in fact interest, and the stock on which the dividends are paid is merely held by the creditor as security, it makes no difference what the reason was for paying in that form." *Wiggin Terminals, Inc.* v. *United States, supra.*

The question here presented does not turn upon the fact of whether the petitioner considered its founder's fund a liability or whether the distributions made to the holders of founder's certificates were characterized as interest. The question is whether the petitioner borrowed money from its policyholders which it was obligated to pay back and whether the amounts designated as interest represent interest which was paid upon such borrowings. In *Elko Lamoille Power Co.*, 21 B. T. A. 291; affd., 50 Fed. (2d) 595, the Board said:

\* \* \* A corporate creditor is one who has loaned to the corporation money or its equivalent, usually for compensation or interest, at a fixed rate,

to be repaid at a designated time or in a designated manner. The stockholder risks his money in the enterprise. The creditor assumes no such risk. * * *

The facts in this case clearly show that as a means of inducing persons to take out life insurance policies the petitioner afforded them an opportunity of eventually becoming a stockholder in the company. Each policyholder understood that by means of the coupon attached to his policy and made a part thereof, he could, upon the maturity of the coupon, receive a founder's certificate in the amount of $15 for each $1,000 of insurance contracted for. The petitioner did not obligate itself to redeem the certificate for $15 or for any other amount. It did, however, obligate itself to issue to the holder of the certificate $15 of the capital stock of the company as soon as the founder's fund should reach the amount of $100,000. The founder's fund was always at the risk of the business. It was just as much at the risk of the business as the founder's surplus or the free surplus of the company.

It is plain from the provisions of the policy coupon and the founder's certificate that the petitioner was not obligated to pay interest upon the amount of the founder's certificate. The board of directors were, however, authorized in their discretion to pay interest on those certificates in an amount not to exceed 6 percent "providing in their judgment the financial condition of the Company shall warrant such payment." The evidence shows that no interest was paid upon these founder's certificates until 1929. In that year the board of directors, considering the financial condition of the company and believing that it was morally obligated to pay the interest, did pay it. But this did not constitute interest paid upon an obligation of the company. The holders of the founder's certificates had a proprietary interest in the company. To all intents and purposes the distribution made constituted a division among the holders of the founder's certificates of a part of the profits or assets of the business. We are of the opinion that the respondent correctly held that the amount of $2,564.16 paid in 1933 did not represent a payment by the petitioner of interest upon its indebtedness, but a voluntary distribution to the holders of the founder's certificates of a part of the profits or assets of the petitioner. The amount was not a legal deduction from gross income.

*Judgment will be entered for the respondent.*